IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER L. DECOTEAU, | ) | 4:14CV3165 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, MICHAEL KINNEY, Director, RANDY KOHL, Medical Director, DIANE SABAKA RHINE, Warden, CHRISTINE FERGUSON, Doctor, and CHARLES LOREN, Eye Clinic, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Plaintiff Christopher Decoteau's ("Plaintiff") "Motion [for] Name Changing Amendment" (Filing No. 12), Motion to Compel Discovery (Filing No. 13), and Motion to Amend (Filing No. 14). The court will address each of Plaintiff's motions in the paragraphs that follow.

    Plaintiff asks the court for leave to amend his Complaint (Filing No. 1) to reflect the correct spelling of three of the defendants' names. (Filing No. 12.) In accordance with NECivR 15.1(b), the court will consider Plaintiff's "Motion [for] Name Changing Amendment" as supplemental to his original Complaint, and direct the clerk's office to update the court's records to reflect the correct spelling of the defendants' names. *See* NECivR 15.1(b) (stating that in pro se cases, the court may consider an amended pleading as supplemental to the original pleading, rather than as superseding).

    Plaintiff seeks an order compelling discovery of Defendant Robert Houston's address so that he may serve him with process. (Filing No. 13.) However, no discovery or service of process may take place in this case at this time. The court is

required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The court has not yet conducted an initial review of Plaintiff's Complaint pursuant to section 1915(e). No discovery may take place in this case unless the court determines that this matter may proceed to service of process. The court will conduct an initial review of Plaintiff's Complaint in its normal course of business.

Plaintiff seeks an order compelling the Nebraska Department of Correctional Services ("NDCS") to release Plaintiff's confiscated funds so that he may use them to pay his filing fee in this matter. (Filing No. 14.) Even assuming this court has the authority to order the NDCS to remit Plaintiff's confiscated funds, Plaintiff has not set forth any compelling reason why his confiscated funds (rather than his available funds) should be used to pay his filing fee in this action. Plaintiff's trust account statement reflects that his *average* unfrozen balance for the six months proceeding the filing of his Complaint is $28.03. (*See* Filing No. 6.) Moreover, at least $388.71 was deposited into Plaintiff's prison account in the six months preceding the filing of the Complaint. (*Id.*) Like all other prisoners who are granted leave to proceed in forma pauperis under section 1915, Plaintiff may pay the filing fee in installments. Accordingly, Plaintiff's request will be denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's "Motion [for] Name Changing Amendment" (Filing No. 12) is granted. The clerk's office is directed to update the court's records to reflect the spelling of the following Defendants' names: Michael Kenney, Christina Ferguson, and Charles Coren.

2.  Plaintiff's Motion to Compel Discovery (Filing No. 13) is denied.

3.  Plaintiff's Motion to Amend (Filing No. 14) is denied.

DATED this 12th day of September, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.