IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER L. DECOTEAU, | ) | 4:14CV3165 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, MICHAEL | ) | |
| KENNEY, Director, RANDY KOHL, | ) | |
| Medical Director, DIANE SABAKA | ) | |
| RHINE, Warden, CHRISTINA | ) | |
| FERGUSON, Doctor, and CHARLES | ) | |
| COREN, Eye Clinic, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his initial Complaint in this matter on August 13, 2014. (Filing No. 1). The court subsequently granted his Motion for Leave to Proceed in Forma Pauperis. (Filing No. 7). Plaintiff filed an Amended Complaint on May 18, 2015, in which he sought to add one named and one unnamed defendant to this action. (Filing No. 18). The court considers Plaintiff's Amended Complaint as supplemental to his Complaint. *See* NECivR 15.1(b) (stating the court may consider an amended pleading as supplemental to the original pleading in pro se cases).

The court now conducts an initial review of the Complaint and Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action pursuant 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments. Specifically, he alleges the following defendants exhibited deliberate indifference to his serious medical condition: Robert Houston,

prison director; Michael Kenney, prison director; Diane Sabaka Rhine, warden; Christine Ferguson, prison doctor; Charles Coren, prison eye doctor; Randy Kohl, prison medical director; and Khrystyna Dority, secretary at the prison eye clinic. (Filing No. 1 at CM/ECF p. 2; Filing No. 18 at CM/ECF p. 2.) Liberally construed, Plaintiff also raises state-law claims for medical negligence and intentional infliction of emotional distress.

Plaintiff is currently incarcerated at the Nebraska State Penitentiary ("NSP"). Plaintiff apparently began having trouble with his eyesight on or before October 9, 2011. On March 14, 2012, Plaintiff filed an Inmate Interview Request in which he asserted Dr. Greg Sutton diagnosed him with Keratoconus – "[a] conic protrusion of the cornea caused by thinning of the stroma." Stedmans Medical Dictionary 468240 (26th ed. 1995).

For parts of the next two years, Plaintiff repeatedly insisted he was not being fitted for the specialized contact lenses recommended for him, nor was he allowed to see a specialist despite the fact that his condition was causing his eyesight to deteriorate. At one point, he was provided a pair of ill-suited and improperly fitted contact lenses, which adhered to his eye requiring a trip to the emergency room. The result was a corneal abrasion to his right eye. He further asserts various medical professionals at the NSP did not keep scheduled appointments with him at the medical or eye clinics within the NSP. Plaintiff states he exhausted his remedies at the NSP by filing formal and informal grievances, contacting the state ombudsman, and having his mother contact prison officials on his behalf. Based on the various Defendants' refusals to properly diagnose, treat, refer him to a specialist, and order the proper contact lenses, Plaintiff alleges his condition deteriorated to the point where his vision is significantly impaired and can only be cured through a corneal implant.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state

law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff alleges the named defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment because they were deliberately indifferent to his medical needs. To show deliberate indifference, the plaintiff must demonstrate that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). Society does not expect that prisoners will have unqualified access to health care. Therefore, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-104 (1976)). "Deliberate indifference is equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835, 839-40 (1970)).

#### A. Medical Personnel

Plaintiff asserts prison medical personnel—Christine Ferguson and Charles Coren—were deliberately indifferent to his eye condition, causing him pain and significant loss of his vision. At this early stage in the proceedings, the court finds Plaintiff has adequately pled an Eighth Amendment claim against Ferguson and Coren.

### B. Non-Medical Personnel

Plaintiff named several supervisors and administrators in his Complaint and Amended Complaint. These include Warden Diane Sabaka Rhine, Director Robert Houston, Medical Director Randy Kohl, and Director Michael Kenney. Plaintiff also seeks to add Khrystyna Dority as a defendant. Dority is the secretary at the prison eye clinic. Plaintiff alleges she deliberately interfered with his course of treatment and denied or delayed his access to medical care.

"It is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006). To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices.'" *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (internal quotations omitted).

Here, Plaintiff alleges each of the supervisory personnel had direct knowledge of his complaints and medical condition through contact with Plaintiff and his mother, but did nothing to assist him or ensure he received proper care. Likewise he alleges the secretary at the prison medical clinic intentionally and deliberately impeded his access to care. Plaintiff has alleged sufficient facts at this stage in the proceedings to state an Eighth Amendment claim against Sabaka Rhine, Houston, Kohl, Kenney, and Dority.

### C. Official Capacity Claims

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See*, *e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th

Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

In part, Plaintiff seeks monetary relief from state employees acting in their official capacities. The court will dismiss such claims because they are barred by the Eleventh Amendment.

## IV. STATE-LAW CLAIMS

Liberally construed, Plaintiff also raises state-law claims against Defendants for medical negligence and intentional infliction of emotional distress. At this time, the court makes no finding with respect to its jurisdiction over these claims or whether they state a claim upon which relief may be granted. In order to ensure a just and fair resolution of this matter, Plaintiff's state-law claims will be allowed to proceed to service of process along with the Eighth Amendment claims detailed above.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for monetary relief against Defendants in their official capacities are dismissed because they are barred by the Eleventh Amendment. Plaintiff's claims for monetary and non-monetary relief against Defendants in their individual capacities may proceed to service of process. In addition, Plaintiff's claims for non-monetary relief against Defendants in their official capacities may proceed to service of process.

  2. The clerk of the court is directed to update the court's records to reflect the addition of Khrystyna Dority as a defendant in this case. (*See* Filing No. 18 at CM/ECF p. 2.)

  3. Plaintiff's Motion to Amend Complaint (Filing No. 18) is granted. The clerk of the court is directed to update the docket text at Filing Number 18 to reflect that the court considers Filing Number 18 as supplemental to the original Complaint (Filing No. 1).

  4. This action may proceed to service of process as to Plaintiff's claims against Robert Houston, Michael Kenney, Diane Sabaka Rhine, Christine Ferguson, Charles Coren, Randy Kohl, and Khrystyna Dority in their individual and official capacities.

  5. The clerk of the court is directed to send to Plaintiff a copy of the Complaint and Amended Complaint, a copy of this Memorandum and Order, and 14 summons forms and 14 USM 285 Forms for service on Houston, Kenney, Sabaka Rhine, Ferguson, Coren, Kohl, and Dority in their individual *and* official capacities. (See attached Notice Regarding Service.)

Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 120 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

  6. If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Plaintiff. In making such a request, Plaintiff must complete the USM 285 forms and submit them to the clerk of the court, together with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms,

the clerk of the court will sign the summons forms and forward them to the Marshal for service on Defendants, together with copies of the Complaint and Amended Complaint. In the event Plaintiff asks the United States Marshal to serve process, the clerk of the court will make copies of the Complaint and Amended Complaint for service on Defendants.

7. The clerk of the court is directed to set the following pro se case management deadline: October 6, 2015: check for completion of service.

DATED this 8th day of June, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

**Notice Regarding Federal Rule of Civil Procedure 4**

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. Federal Rule of Civil Procedure 4(e) governs service of process on an individual (i.e., your individual capacity claims). Federal Rule of Civil Procedure 4(j) governs service of process on a state (i.e., your official capacity claims).

In this case, Rule 4(e) and (j) mean copies of the summons and complaint must be served on: (1) Defendants individually; and also (2) the Nebraska Attorney General's Office or the chief executive officer for the State of Nebraska.

You may ask the United States Marshal to serve process, as described in the court's order, because you are proceeding in forma pauperis.