IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CHRISTOPHER L. DECOTEAU, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 4:14CV3165 |
| | ) | |
| V. | ) | |
| | ) | |
| ROBERT HOUSTON, In his official capacity only, MICHAEL KENNEY, Director, In their individual and official capacities, RANDY KOHL, Medical Director, In their individual and official capacities, DIANE SABAKA RHINE, Warden, In their individual and official capacities, CHRISTINA FERGUSON, Doctor, In their individual and official capacities, CHARLES COREN, Eye Clinic, In their individual and official capacities, and KHRYSTYNA DORITY, In their individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

   This matter is before the court on Plaintiff Christopher Decoteau's ("Plaintiff") Motion to Amend (Filing No. 55), "Motion to Oppose Any Continuation of Deposing Plaintiff" (Filing No. 53), Motion for Inspection and Production of Documents (Filing No. 56), and Motion for Interrogatories (Filing No. 57). The court will address each of Plaintiff's motions in the paragraphs that follow.

   Plaintiff has asked for leave to amend his Complaint to add eleven individuals as defendants. Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation omitted). Plaintiff had not identified any basis for his proposed

amendment. Moreover, this action was filed well-over a year ago (Filing No. 1) and allowing amendment at this time would clearly prejudice Defendants. Therefore, Plaintiff's Motion to Amend will be denied.

Through his "Motion to Oppose Any Continuation of Deposing Plaintiff" (Filing No. 53), Plaintiff seeks to preclude Defendants from deposing him in the future. It appears that Defendants noticed Plaintiff's deposition, but did not arrive at the prison to depose him. To the court's knowledge, Defendants have not attempted to depose Plaintiff again. Therefore, Plaintiff's "Motion to Oppose" will be denied as premature.

Plaintiff's Motion for Inspection and Production of Documents (Filing No. 56) and Motion for Interrogatories (Filing No. 57) are discovery requests which should be directly addressed to Defendants. The Court will not facilitate discovery between the parties. Discovery requests should be served upon the proper parties, not filed with the Court. Accordingly, Plaintiff's Motion for Inspection and Production of Documents and Motion for Interrogatories will be denied.

IT IS ORDERED that:

1. Plaintiff's Motion to Amend (Filing No. 55) is denied.

2. Plaintiff's "Motion to Oppose Any Continuation of Deposing Plaintiff" (Filing No. 53) is denied.

3. Plaintiff's Motion for Inspection and Production of Documents (Filing No. 56) is denied.
4. Plaintiff's Motion for Interrogatories (Filing No. 57) is denied.

DATED this 9th day of March, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge