IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER L. DECOTEAU,<br><br>Plaintiff,<br><br>V.<br><br>ROBERT HOUSTON, In his official capacity only, MICHAEL KENNEY, Director, In their individual and official capacities, RANDY KOHL, Medical Director, In their individual and official capacities, DIANE SABAKA RHINE, Warden, In their individual and official capacities, CHRISTINA FERGUSON, Doctor, In their individual and official capacities, CHARLES COREN, Eye Clinic, In their individual and official capacities, and KHRYSTYNA DORITY, In their individual and official capacities,<br><br>Defendants. | 4:14CV3165<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's "Motion and Order for Clarification and Appointment of Counsel." (Filing No. 59.) Liberally construed, Plaintiff largely asks the court to reconsider its March 9, 2016 order which denied (1) Plaintiff's motion to amend his Complaint; and (2) motion for interrogatories and document production requests. Plaintiff also seeks appointment of counsel. (Filing No. 58.)

The court's March 9, 2016 order explained that Plaintiff would not be given leave to amend because Plaintiff had not identified any legitimate basis warranting amendment and allowing amendment would unduly prejudice Defendants. The same

reasoning stands true today. Moreover, in seeking leave to amend, Plaintiff did not attach a copy of his proposed amended complaint, as required by this court's local rules. *See* NECivR 15.1. Therefore, Plaintiff will not be permitted to file an amended pleading.

Also, as explained previously, the court will not facilitate the exchange of discovery between the parties. Requests for discovery should be directly addressed to Defendants and sent to Defendants' counsel. In other words, discovery requests should not be sent to the court, unless such requests are offered as evidentiary materials.

Finally, the court will not appoint counsel at this time. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that Plaintiff's "Motion and Order for Clarification and Appointment of Counsel" (Filing No. 59) is denied.

DATED this 27th day of June, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge